**BRYANT–HAYWARD DRILLING COMPA-
NY and Argonaut-Southwest Insur-
ance Company, Petitioners,**

v.

**Lonnie J. COOK and the State Industrial
Court of the State of Oklahoma,
Respondents.**

**No. 43666.**

Supreme Court of Oklahoma.

Jan. 12, 1971.

Rehearing Denied April 20, 1971.

E. W. Keller, Oklahoma City, for petitioners.

Howard C. Triggs, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here for review an order of the State Industrial Court affirming an award of the trial judge allowing the claimant additional compensation for permanent disability to the body as a whole as the result of a change of condition for the worse. Parties will be referred to as they appeared before the State Industrial Court.

Claimant injured his right leg and back while working for respondent on February 28, 1964. On August 18, 1964, claimant received an award from the Industrial Court of 10% permanent partial disability to the body as a whole. On January 13, 1966, claimant filed a motion to reopen the case because of an alleged change of condition for the worse. Following a hearing on the matter the Industrial Court entered an order as to temporary disability holding that claimant had experienced a change of condition for the worse and directed claimant to report to a doctor of respondent's choice for further medical treatment in the form of surgery. This order was appealed to the Supreme Court and sustained. Bryant-Hayward Drilling Co. v. Cook, Okl., 439 P.2d 480.

The cause was remanded to the State Industrial Court and further proceedings conducted.

At the request of the respondent the claimant was examined by Dr. R. He found no need for an operation.

A further hearing was held before the trial judge on June 19, 1968. At this hearing claimant stated that he did not want respondent's doctor to perform an operation, and refused to accept an operation from any doctor that respondent chose. The trial judge proceeded to hear the matter on a change of condition for the worse as to permanent disability.

The following medical reports were introduced by the parties.

Claimant submitted in evidence the report of Dr. R J W which reads:

"Since my letter to you dated June 17, 1968, I have had one occasion to examine Mr. Cook. That occasion was on August 2, 1968, at which time the patient was still complaining of low back pain which is brought on by rather vigorous activities such as putting in a routine day on his job as a steel worker foreman. He had been unable to wear his corset because of the heat at the place of employment. He said that he had been off from work about one-half a day on several occasions because of his back. He also complains of soreness of the left knee. Examination, again, reveals negative straight leg raising to 90 degrees with normal neurological examination to the lower extremities. At that time the patient was advised to continue with his restricted activities, that is, not to do any heavy lifting and bending at the waist. He is also to continue with his flexion exercises and return to see me in two months. It is still my feeling that this patient is suffering from a degenerated disc at the lumbosacral level; apparently brought on or aggravated by his accident four or five years ago. It is my estimate that the patient has a 40% partial disability in regards to his ability to do ordinary work of a workman. Although I feel that he will probably require a lumbosacral fusion in the future, I feel the procedure could be postponed for the present time."

Respondents submitted in evidence the report of Dr. R. In the concluding paragraph to his report Dr. R states:

"In summary, Mr. Cook injured his back while at work over four years ago. He had a period of treatment. In the past

two years he had carried on with his regular work most of the time. His neurological and physical examination May 10, 1968, shows entirely normal function. Review of X-rays made May 10, 1968, show no changes in his lumbar spine as compared with the X-rays made March 24, 1964, approximately one month after injury. There is no medical reason to consider any operation on Mr. Cook's back. He had no evidence of disc pathology. He had no evidence of back instability, and there are no congenital changes in his back that would make spinal fusion necessary. His previous medical reports that were submitted in 1964 and 1966 have been reviewed. I find no evidence of any change in his condition the past two years."

Respondent contends that the medical evidence is insufficient to uphold an award for additional disability due to a change of condition for the worse. The main thrust of respondent's argument is the medical evidence is insufficient to establish claimant's condition has in fact changed since the last hearing or that there has been an increase in disability.

■ The medical evidence consists only of the two medical reports, the respondent's report which concludes that claimant has no permanent disability and has not suffered a change of condition from the last hearing; and the claimant's report which indicates that claimant has 40% disability to the body as a whole as a result of the injury "apparently brought on or aggravated by his accident four or five years ago." The medical report of claimant is patently insufficient to uphold a change of condition for the worse. Although it is not absolutely necessary to state in categorical language that claimant has sustained a change of condition from the last hearing it is necessary to indicate in some manner, by objective findings, tests, examinations, by new findings of conditions which had not existed at the prior hearing or findings of conditions which have worsened subsequent to the last hearing, that there has been some change in the condition of the claimant for the worse. Holliman Drilling Company v. Herrell, Okl., 397 P.2d 148. A mere statement that claimant has a certain percent of disability which happens to be greater than the amount awarded at the prior hearing is insufficient. There must be evidence of a medical nature that whatever disability claimant now has is greater than the disability he had at the prior hearing if the injury is one that requires an expert opinion. If the medical expert is incapable of making this finding because of the particular condition, lack of opportunity to have examined claimant before the prior hearing, or to have examined reports, X-rays, results of tests or examination, charts or other medical records bearing upon the condition of claimant before the last hearing, then a mere statement regarding the percent of disability claimant now has is of little or no probative value in a hearing on a change of condition for the worse. There is nothing in the medical evidence of claimant which would indicate that the rating of disability by claimant's doctor would have been different if he had examined claimant at the time of or prior to the last hearing.

■ The order of the Industrial Court indicates that in the prior order of March 1, 1966, a finding was made that claimant had sustained a change of condition for the worse. The hearing of March 1, 1966, was in regard to temporary compensation, whereas the present hearing concerns itself with permanent disability. There is not a specific finding contained in the order of a change of condition for the worse in regards to permanent disability. A finding of change of condition for the worse in a proceeding for temporary disability may not necessarily be valid in a proceeding for permanent disability. The change of condition for the worse which is temporary may by medical treatment or passage of time, be corrected with the resultant absence of any change of condition of a permanent nature. It is therefore necessary

to make a finding as to the change of condition in a matter pertaining to permanent disability. Eastern Materials Company v. Robinson, Okl., 474 P.2d 135.

The award is vacated and the cause remanded to the State Industrial Court for further proceedings.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, and McINERNEY, JJ., concur.

DAVISON, V. C. J., and BLACKBIRD and LAVENDER, JJ., dissent.