**NORMAN PLUMBING SUPPLY COMPANY OF OKLAHOMA CITY, INC., a corporation, Appellee,**

v.

**Milton A. GILLES d/b/a Milt's Plumbing, Appellant.**

No. 45914.

Supreme Court of Oklahoma.

July 24, 1973.

Eagleton, Nicholson, Pate & Bagley by Collier H. Pate, Oklahoma City, for appellee.

Thomas M. Barrett, Bethany, for appellant.

BERRY, Justice.

Norman Plumbing Supply Company of Oklahoma City, Inc. [plaintiff] brought this action alleging Milton A. Gilles, d/b/a Milt's Plumbing [defendant] owed plaintiff $1,458.10 on open account.

Defendant filed a general denial alleging he was on a cash basis with plaintiff during the time the account charges allegedly occurred, the materials were either paid for in cash or never purchased by defendant or his employees, and no sums were due and owing.

Prior to trial defendant submitted 17 written interrogatories to plaintiff pursuant to 12 O.S.1971 § 549. The trial court sustain plaintiff's objections to all of the interrogatories.

At trial Larry Holiday testified he was manager of plaintiff's branch store during January, 1971, and identified 14 invoices as reflecting items sold by him to defendant without receiving payment. He testified he knew defendant by sight and personally

made the sales to defendant. Defendant did not have a regular charge account but would pick up materials and pay for them periodically as the job progressed. After personal attempts to collect proved futile he sent the invoices to the main store for collection. On cross-examination he stated defendant's name was imprinted upon the invoices by the store's addressograph machine, and defendant had not signed the invoices even though it was routine to obtain a signature upon invoices reflecting credit sales. All of the invoices reflected a two percent cash discount.

Joy Burnett testified she maintained records for plaintiff and identified exhibit 15 as a ledger card setting out defendant's account.

Defendant testified he could not say whether he received the merchandise listed on the invoices because he used the same type of material every day, but if he received the items he paid for them because he was on a cash basis. He testified he had made numerous other cash purchases from plaintiff in the preceding two years.

Defendant further stated that on some occasions he did not pay for merchandise when he picked it up, but returned and paid within a day or so.

Mr. Holiday was called as a rebuttal witness and testified defendant acknowledged the bill was owing.

The jury returned a verdict for plaintiff, and the trial court rendered judgment accordingly. Defendant appeals.

Defendant's sole contention on appeal is that the trial court's order sustaining plaintiff's objection to his interrogatories deprived him of his right to discovery granted by 12 O.S.1971 § 549, and therefore the judgment of the trial court should be reversed and the case remanded for a new trial.

Vol. 14 Bender's Forms of Discovery, § 9.20, states at page 80:

"Bell v. Swift & Co., 283 F.2d 407 (5th Cir. [Ala.] 1960), concerned an action for personal injuries wherein plaintiff, after judgment for defendant, raised on appeal the district court's refusal to order defendant to answer interrogatories. The court of appeals found that 'plaintiff was entitled to the benefit of answers to the interrogatories,' but found:

"'A lawsuit is not so rule-bound that one side wins whenever the other side breaks a rule. *To succeed in an appeal based on an infraction of the rules, the appellant must show that the infraction was a substantial error prejudicing the appellant's case* [italics supplied.] Here, it may be said that the district court erred in refusing to require the defendant-appellee to answer interrogatories the plaintiff-appellant propounded. But the error, if any, raises only academic questions bearing on a fair and orderly system of justice. The appellant has not shown that he was hurt by the error. Accordingly, we are compelled to affirm.'"

See also Husted v. French Creek Ranch, 79 Wyo. 307, 333 P.2d 948; Powell v. City of Haysville, 203 Kan. 543, 455 P.2d 528; McCray v. City of Boulder, 165 Colo. 383, 439 P.2d 350; Weber v. Biddle, 72 Wash.2d 22, 431 P.2d 705.

█ Therefore, we hold that a party who seeks reversal of the trial court's judgment due to error in sustaining objections to interrogatories has the burden to show the trial court erred in sustaining objections to the interrogatories and that such error prejudiced his case.

█ In his brief defendant presents arguments and authorities to the effect the trial court erred in sustaining plaintiff's objections to the interrogatories, but submits no argument to show or demonstrate how the trial court's ruling prejudiced his case.

Defendant's first three interrogatories sought personal information about the answering party, and the 17th was for continuing information.

The fourth interrogatory inquired as to whether "at any time prior to this date you have had credit arrangements with this de-

fendant or with the L & M Plumbing Company." Defendant should have had knowledge of his past credit relationship with plaintiff and there was no substantial conflict in the evidence concerning past credit relationships between defendant and plaintiff.

The fifth interrogatory inquired as to whether plaintiff had placed defendant on a cash basis and the sixth inquired as to the date such occurred. The apparent purpose of these questions was to establish defendant was on a cash basis at the time the alleged account sales occurred. Evidence of both parties at the trial indicated at the time the account sales occurred plaintiff would allow defendant to pick up materials and pay later.

Interrogatory 7 inquired as to whether other sales had been made by plaintiff to defendant in the years 1970, 1971, or 1972. The evidence at the trial indicated that numerous other sales were made by plaintiff to defendant during the period and defendant was certainly aware of this fact.

Interrogatory 8 requested copies of all invoices involving sales to defendant subsequent to January 1, 1970, and a detailed list of all charges and credits to defendant's account. The record indicates that numerous sales were made to defendant during this period. Defendant presents no argument indicating how sales made during 1970 were relevant to the issue presented in this case which was whether defendant had paid for materials purchased from plaintiff during January, 1971.

Interrogatory 9 requested copies of all applications for credit, apparently referring to those filed by defendant. Initially at least, defendant should have been aware of the content of any credit application he might have filed with plaintiff, and defendant makes no argument to show how the failure to require production of these documents might have prejudiced his defense.

Interrogatories 10, 11 and 12 inquired as to what person made the sales on invoices claimed to be owed, dates of delivery and what party signed for or received the items.

Defendant's brief indicates copies of the invoices were furnished to him prior to the trial. These were dated and specified the particular job the materials were for.

Larry Holiday testified he made the sales to defendant. He was one of only six persons listed as potential witnesses on the pre-trial conference order which was filed on June 2, 1971, nineteen days before the trial. His testimony indicated he was manager of the store at the time the sales occurred and testimony of both parties indicated defendant had made numerous purchases from Mr. Holiday. The record does not reflect any attempt by defendant to take Mr. Holiday's deposition, nor does it indicate defendant was surprised by Mr. Holiday's testimony at the trial.

Questions 13 and 14 referred to cash discounts granted by plaintiff and the conditions under which discounts were granted. Mr. Holiday testified concerning this matter at the trial, and defendant did not indicate he was surprised by the testimony.

Interrogatory 15 inquired as to whether the nameplate "Milt Gilles" used to stamp defendant's name on the invoices had always been in plaintiff's control. This was admitted at trial and defendant developed a line of questioning establishing Gilles' name could have been placed upon the invoice even though defendant never received the merchandise.

Interrogatory 16 inquired as to why the sales were made on credit and who authorized the credit. Evidence at the trial by both parties indicated defendant picked up merchandise and paid for it later.

Therefore, even if the trial court erred in sustaining plaintiff's objections to defendant's interrogatories, we conclude such error does not warrant reversal because defendant failed to show wherein he was prejudiced thereby.

Furthermore, we note that interrogatories 8 and 9 requested the production of documents.

■■■ The procedure set forth in 12 O.S.1971 § 549, refers to written interrogatories and is limited to the asking of ques-

tions. The proper procedure for requiring production of documents is set forth in 12 O.S.1971 § 548, which provides for the discovery and production of documents and requires a showing of good cause. Defendant made no showing as to the need for these documents. Therefore we find the trial court did not err in sustaining objections to interrogatories 8 and 9.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, HODGES, LAVENDER and SIMMS, JJ., concur.