OKLAHOMA GAS AND ELECTRIC COM-
PANY, a corporation, Appellee,

v.

Jonita Stith CHEZ and Fred E. Chez,
Wife and Husband, Appellants.

No. 46074.

Supreme Court of Oklahoma.

July 23, 1974.

Rehearing Denied Oct. 22, 1974.

Andrew Wilcoxen, Muskogee, Paul Walters, Oklahoma City, Larry D. Patton, Oklahoma City, A. Camp Bonds, Muskogee, for appellee.

Tomerlin & High, Oklahoma City, Bonds, Matthews & Bonds, Muskogee, of counsel; for appellants.

IRWIN, Justice:

Oklahoma Gas and Electric Company (O G & E) commenced eminent domain

proceedings to condemn certain real property owned by appellants (defendants). Commissioners were appointed and their report was filed. Defendants timely filed their exceptions to the commissioners' report, a motion to dismiss, prayer for a temporary restraining order and objections to jurisdiction. Defendants challenged the court's jurisdiction on the grounds that:

(1) O G & E is not procedurally entitled to institute condemnation proceedings because O G & E failed to make a bona fide offer of purchase.

(2) O G & E is not procedurally entitled to institute condemnation proceedings in that the real property which it seeks to acquire is not reasonably required for the purposes set forth in O G & E's petition.

(3) O G & E seeks to acquire real property far in excess of its present and reasonable permissible requirements.

Defendants also served written interrogatories for O G & E to answer. Thereafter, O G & E filed its answer to the interrogatories and defendants filed a motion requiring O G & E to more fully answer and a motion for continuance.

A hearing was conducted and all issues were adjudicated in favor of O G & E. Defendants filed their appeal under the authority of Town of Ames v. Wybrant, 203 Okl. 307, 220 P.2d 693, wherein we held that a trial court's decision in a condemnation proceeding adjudicating the question of the right to condemn is a final order from which an appeal will lie.

Defendants contend the trial court erred in overruling their objections to O G & E's answers to interrogatories and not requiring O G & E to make a more complete disclosure.

Defendants submitted 56 interrogatories to O G & E, consisting of several subparagraphs, and, in effect, requested O G & E to answer approximately 146 questions. Many of the questions submitted were not material to the issues presented and requested information that defendants already possessed. O G & E's answers,

with the exhibits attached, consisted of 16 pages. The trial court considered each objection to O G & E's answers and overruled defendants' motion to require O G & E to answer more completely the interrogatories.

■ Our discovery rules and statutes contemplate an exercise of discretion and judgment by the trial court, and not a mere automatic granting of a motion. Carman v. Fishel, Okl., 418 P.2d 963. Abuse of discretion by the trial court and prejudice to the rights of defendants will not be presumed on appeal. Phillips Petroleum Co. v. United States Fidelity & Guaranty Co. (1968), Okl., 442 P.2d 303. In Norman Plumbing Supply Company of Oklahoma City, Inc. v. Gilles, Okl., 512 P.2d 1177, we held that a party on appeal who seeks reversal of a judgment of the trial court for error in sustaining objections to interrogatories has the burden of showing denial of interrogatories constituted prejudicial error. In the case at bar, the burden is upon defendants to show the trial court's refusal to require O G & E to answer the interrogatories constituted prejudicial error.

■ Considering the discretion which the trial court exercises, the presumption relating to the correctness of the trial court's determination, and defendants' failure to show prejudicial error, we hold that the trial court's refusal to require O G & E to answer certain interrogatories more completely does not constitute reversible error.

■ Defendants next contend the trial court erred in not granting them a continuance.

In Teel v. Gates (1971), Okl., 482 P.2d 602, we held that the granting or refusing of a continuance is within the sound discretion of the trial court and refusal to grant a continuance does not constitute reversible error unless an abuse of discretion is shown.

■ Defendants argue that the denial of their motion for a continuance deprived them of a proper time to prepare, but one

urging more time to prepare must produce evidence of his "due diligence" during the period actually allotted. In re Alteration of School District Boundaries of Dist. No. 42 (1940), 187 Okl. 686, 105 P.2d 536.

The record discloses that on September 12th, the trial court set for hearing on October 2nd (later continued to October 4th) defendants' exceptions to the commissioners' report, motion to dismiss, prayer for a temporary restraining order and objections to jurisdiction. Defendants filed their motion for a continuance and to answer fully the interrogatories on September 29th.

Defendants have not shown that any interrogatories or depositions were denied, outstanding or scheduled prior to the October 4th hearing. Defendants knew the names and addresses of O G & E's appraisers and the name and address of the man who had negotiated the proposed purchase of defendants' property prior to the time the condemnation proceeding was filed. Depositions could have been taken as early as July 30th.

Although the trial court's overruling of defendants' exceptions to the commissioners' report and denial of a continuance were tantamount to cutting off discovery on the issues before the court, the right to discovery is not interminable, but within the sound discretion of the court.

Defendants have failed to show the trial court abused its discretion in refusing to grant a continuance and the trial court's failure to do so does not constitute reversible error.

We will now consider defendants' contention that the trial court erred in requiring them to assume the burden of proof on objection to jurisdiction and necessity of taking. In this connection, defendants argue that there was no evidence to support the trial court's determination relating to necessity to take and that O G & E had made a bona fide offer to purchase prior to filing its condemnation proceedings.

The exhibits attached to O G & E's answers clearly establish that O G & E made a bona fide offer to purchase prior to filing the condemnation action and also attached was O G & E's Resolution of Necessity to take. The following occurred at the hearing:

"(Counsel for O G & E), . . . we are prepared, to offer testimony on both the isolated issues that he's now confined himself to. That is the question of whether or not we tried to buy and the question of whether or not the Board of Directors of the Company, in good faith, by resolution, at a regularly called meeting determined that it was necessary to create and construct this project.

"The Court: Now, Mr. Patton (Counsel for Defendants), do you desire to have any testimony today in reference to those two points?

"Mr. Patton: No, your honor, we do not and we will stand on our—we would object being—

"The Court: (interrupting) You decline that offer? The witnesses are here, and you decline that offer at this time?

"Mr. Patton: I decline to produce any testimony at this time, your honor, until such time as we have had an opportunity to conduct discovery which we contend we're entitled to do under the statutes.

"The Court: All right. Very well. In reference to the announcement about the declining to hear these witnesses who are available at this time, the motion of the defendants to make the answers to the interrogatories more complete and more definite is overruled and exceptions are allowed. * * *."

In Rueb v. Oklahoma City (1967), Okl., 435 P.2d 139, we held the introduction in evidence of a resolution of necessity by a condemning authority establishes a prima facie case, whereupon the burden shifts to the condemnee to show that the taking was not necessary or for a public use.

Defendants waived any right to challenge the sufficiency of the evidence when O G & E had witnesses present and offered their testimony and defendants declined to hear the witnesses and did not desire to have submitted any evidence.

Judgment affirmed.

All the Justices concur.