John R. WARREN dba Warren Drilling Company et al., Petitioners,

v.

The Honorable William S. MYERS, Jr., Judge of the District Court of Oklahoma County, Respondent.

No. 49209.

Supreme Court of Oklahoma.

Sept. 21, 1976.

James W. Shepherd, Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, for petitioners.

Lee B. Thompson, Thompson, Thompson, Nance, Harbour & Selph, Oklahoma City, for Mustang Fuel Corp.

Rainey, Welch, Wallace, Ross & Cooper, Oklahoma City, for Oklahoma Gas & Electric.

SIMMS, Justice:

Petitioners, plaintiffs in the trial court, asks this Court to assume original jurisdiction and issue mandamus commanding Respondent Judge to vacate his order sustaining objections to written interrogatories served upon defendants in the court below. Petitioners further pray the Court order defendants to answer the written interrogatories.

Oklahoma Gas and Electric Company and Mustang Fuel Corporation, defendants below, were permitted to intervene in this original proceeding, and each has filed briefs.

In the trial court, petitioners sought reformation of a written natural gas purchase contract under which defendants were to purchase natural gas products from plaintiffs well, known as the Brown well. Petitioner further sought performance of the reformed agreement by asking that defendants be made to pay to plaintiffs damages representing the total monies due and owing plaintiff under the reformed agreement.

Essentially, plaintiff's petition alleges an oral agreement under which defendants would pay for gas the same price being paid for natural gas produced from a near-by, comparable well located on an adjoining tract. The second well is referred to as the Woffard well. Petitioners alleged below that subsequent to the oral agreement, a written contract between plaintiff and defendant Mustang was executed which contained a specified price for the gas. Petitioners subsequently purchased the Woffard well and allege they discovered that the price set forth in the written contract on the Brown well was less than the price defendants had been paying for gas from the Woffard well as of the date of the execution of the written agreement.

After the action was commenced, petitioners took the deposition of Edward C. Joullian, III, President of Mustang Fuel, who conducted the negotiations for the purchase of gas from the Brown well as the acquisition agent for OG & E. Joullian related on deposition that the price orally agreed upon to be paid petitioners for gas produced from the Brown well was not based on comparison with the Wofford well and the price to be paid for gas from the Brown well was to be the same price as was being paid for wells of comparable quality and reserves, located in a geographical area described as the Southwest quadrant of Lincoln County, the Southeast quadrant of Logan County, and the East one-half of Oklahoma County.

Following Joullian's deposition, petitioners served written interrogatories upon defendants as authorized by 12 O.S.1971, § 549. In essence, these interrogatories requested defendants to describe separately each and every gas purchase contract acquired by Oklahoma Gas & Electric Company from 1960 thru 1968 pertaining to wells located in the above described geographical area by stating the provisions of the contracts together with any amendments thereto; which of the contracts are no longer in force and effect; those which are still in force and effect; and the price of gas paid thereunder.

Defendants objected to the interrogatories upon the grounds they required answers which were beyond the scope of the

lawsuit, and to require answers to the interrogatories would constitute "annoyance, expense, and oppression."

Respondent Judge sustained objections to the written interrogatories, and petitioners bring an original action in this Court.

Thus, the question is squarely before us: Will mandamus or prohibition issue to require a trial court to either compel a party to an action to answer written interrogatories or prohibit a trial judge from requiring a litigant to answer written interrogatories?

■ Title 12, O.S.1971, § 549 provides: "Interrogatories may relate to any matters which may be inquired into by deposition, and the answers may be used to the same extent as answers in depositions." Although this Court, by rule, has provided that "discovery rules and statutes shall be liberally construed", 12 O.S.1974 Supp., Ch. 2, App.Rule 14, we cannot construe Rule 14 as being without limitation upon the discovery procedure of submission of written interrogatories.

Petitioner, in support of his prayer for mandamus, cites *Cowen v. Hughes,* Okl., 509 P.2d 461 (1973) wherein it was stated:

"Since *Carman v. Fishel,* Okl., 418 P.2d 963, it is clear that the extraordinary relief of either prohibition or mandamus is the only remedy to a party seeking relief from the action of a district court which either orders or prohibits the production of evidence prior to trial. There the trial court ordered the production of documents."

Petitioner misconstrues the application of *Cowen* to the case at bar. In *Cowen,* plaintiff sought the production of documents and evidence pursuant to 12 O.S. 1971, § 548, not answers to written interrogatories as authorized by § 549.

Likewise, in *Lisle v. Owens,* Okl., 521 P. 2d 1375, cited by petitioner, pre-trial discovery was sought under § 548, relating to the production of documents, not § 549, which controls written interrogatories.

■ Since the promulgation of *Carman v. Fishel,* Okl., 418 P.2d 963, a frequent common error is to blend §§ 548 and 549 into one indistinguishable mass of pre-trial discovery procedure. Factually, while both statutes fall within the general category of "discovery", a re-examination of the statutes and of *Carman,* supra, discloses the two statutes are to be treated as separate and distinguishable methods of discovery.

■ Section 549 is authority for written interrogatories which simply means the asking of questions. The scope of the questions may relate "to any matter which may be inquired into by deposition." The scope of deposition, and therefor, written interrogatories, is governed by the language of this Court in *State ex rel. Westerheide v. Shilling,* 190 Okl. 305, 123 P.2d 674 (1942), where it was held the matter must be relevant to the issues to be tried and yet not privileged.

We are compelled to observe that while *Westerheide,* supra, approved a 1874 Kansas case which described the scope of deposition as a "fishing expedition", *Westerheide* does not give a party to an action an unrestricted license to fish in waters foreign to matters relevant to the issues to be tried or which might not reasonably lead to the discovery of relevant evidence.

We emphasize the holding in *Carman,* supra, which was that written interrogatories must be relevant in that the answers to the interrogatories would be admissible as evidence or might lead to the disclosure of admissible evidence. § 549 does not imply any power or right of production.

On the other hand, § 548 simply allows the production of non-privileged documents or similar evidentiary material upon a showing of relevancy, and additionally, a showing of good cause. See: *Carman v. Fishel,* supra.

*Carman* and its progeny sustain the issuance of prohibition or mandamus to enforce or prohibit pre-trial discovery procedures under both sections (§§ 548, 549), but only when it has been shown that the

trial court *clearly* exceeded its authority. As was written in *Carman* at page 968:

"However, we are also mindful of the fact that the statute on discovery necessarily invests the trial court with a wide discretion in determining when and to what extent such act shall be applicable in a particular proceeding. If the trial court were not clothed with discretion in such matters, the obvious purpose of the statute to afford to litigants more precise and certain justice would be defeated. *We are therefore, in this case, and will be in future cases, reluctant to interfere in the action of the trial courts and will not do so except in those instances when it may be shown that the trial court clearly exceeded its authority."*

■ We take this language to mean that the extraordinary writs of mandamus and prohibition may be resorted to only in cases where the trial court lacks jurisdiction or has clearly abused judicial discretion in its orders controlling pre-trial discovery.

■ While recognizing that an order under the discovery statutes is not an appealable order, this Court has reviewed pre-trial discovery orders under § 549 in the course of regular appeals from judgment rendered below. In *Norman Plumbing Supply of Oklahoma, Inc. v. Gilles,* Okl., 512 P.2d 1177, we held that a party on appeal who seeks reversal of a judgment of the trial court for error in sustaining objections to interrogatories has the burden of showing denial of interrogatories constituted prejudicial error. *Gilles* was cited with approval and followed in *Oklahoma Gas and Electric Co., v. Chez,* Okl., 527 P.2d 165.

■ While committed to the encouragement of proper pretrial discovery methods at the trial court level, it necessarily follows that mandamus or prohibition to require or prohibit the trial court from enforcement of an order regarding the answering of interrogatories will only be entertained by this Court if the trial court is either without jurisdiction or has clearly exceeded the bounds of judicial discretion.

■ In this case, we find no such abuse of discretion by the trial court is sustaining objections to interrogatories as to warrant extra-ordinary relief of mandamus or prohibition.

Application to Assume Original Jurisdiction Assumed. Petition for Writ of Mandamus Denied.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES, DOOLIN and BERRY, JJ., concur.