EXXON COMPANY, U.S.A., Petitioner,

v.

The DISTRICT COURT OF KINGFISHER COUNTY, FOURTH JUDICIAL DISTRICT and the Honorable Court Pappe, Jr., Judge thereof, Respondents.

No. 51603.

Supreme Court of Oklahoma.

Nov. 29, 1977.

C. Harold Thweatt, Jim K. Goodman, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for petitioner.

Vincent Mesis, Jr., Barr, Collier & Mesis, Hennessey, for respondents.

WILLIAMS, Justice.

This is an application by Exxon Company for this Court to assume original jurisdiction and issue writs of mandamus and prohibition to the respondent judge of the District Court of Kingfisher County, Oklahoma, preventing him from proceeding to trial in a certain action now pending in that court, and directing him to vacate an order sustaining plaintiffs' objections to certain interrogatories propounded by defendant, Exxon, to the plaintiffs.

The record shows that plaintiffs below sued the defendant, Exxon, for damages allegedly resulting from several leaks in a pipeline operated by Exxon which crosses plaintiffs' property. The only dates mentioned in the petition are contained in the allegation that leaks developed in the pipeline "prior to and during the spring of 1975". The only allegation as to the acreage of the land damaged by the leaks is the allegation that "a large area" of plaintiffs' property along the pipeline was contaminat-

ed. Plaintiffs ask for $250 for crop damages, $5000 as costs of the "abatement" of the "nuisance" and/or that defendant be required to abate it, and $15000 for punitive damages.

After Exxon's motion for summary judgment on the ground that the action is barred by applicable statutes of limitation was overruled, Exxon served the interrogatories in question upon plaintiffs.

They consist of 27 questions which are clearly stated and easily understood, and may be classified as concerning (1) the identities of the parties, and their property interests in the real estate concerned; (2) the dates of the alleged leaks and the dates when the leaks were repaired; (3) the acreage of the property allegedly damaged; (4) the nature of the crops allegedly damaged and the method of computing the damages, and (5) whether there has been any treatment of the allegedly damaged soil to restore the fertility thereof.

Plaintiffs did not answer the interrogatories but filed objections thereto upon the ground that they "are frivolous and intended to cause the Plaintiffs annoyance and expense and were not intended to obtain information for discovery purposes". These objections were sustained by respondent, with no reasons given in the order thereafter filed.

 It is well settled in this jurisdiction that discovery rules and statutes are to be liberally construed, *Warren v. Myers,* Okl., 554 P.2d 1171, and that the scope of interrogatories may relate to "any matters which can be inquired into by deposition", 12 O.S.1971, Sec. 549, subject to the requirement that matters concerned must be relevant to the issues and not privileged; *State ex rel. Westerheide v. Shilling,* 190 Okl. 305, 123 P.2d 674. Mandamus and prohibition may be resorted to only in cases where the trial court is without jurisdiction or has clearly abused judicial discretion in orders controlling pre-trial discovery; *Warren,* supra, at page 1174 of the Pacific Reporter.

 Tested by these rules, we think the respondent in this matter has clearly abused his judicial discretion. The questions in the interrogatories obviously concern matters that are relevant to the issues in the pending action, and there is no suggestion that any of the answers constitute privileged information.

For that reason, the application for writs of mandamus and prohibition are hereby granted, and respondent is directed to vacate his order sustaining the objections to the interrogatories and to require plaintiffs to answer them. He is further prohibited from proceeding to trial in this cause until they are answered.

All Justices concur.