1998 OK CIV APP 55

**SKINNER TANK COMPANY and State Insurance Fund, Petitioners,**

v.

**Wayne SKINNER and the Workers' Compensation Court, Respondents.**

No. 90249.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 31, 1998.

D. Wade Christensen, Oklahoma City, for Petitioners.

Michael R. Green, Tulsa, for Respondents.

## MEMORANDUM OPINION

ADAMS, Judge.

¶ 1 While employed as welding foreman for his brother's business, Skinner Tank Company (Employer), Wayne Skinner (Claimant) injured his neck and back in 1992 when a piece of steel weighing several tons fell from a crane, striking him on the head. Claimant was examined at an emergency clinic, treated with prescriptions and released that day. Claimant returned to work for 14 months, during which time he sought additional medical treatment for his neck and back pain. Thereafter, Claimant ceased working, and between February 1993 and October 1994, had numerous neck and back surgeries. In April 1995, he returned to work for Employer.

¶ 2 In its order filed November 14, 1995 (the first order), the trial judge found, *inter alia,* that Claimant had sustained 34% permanent partial disability (PPD) to the body as a whole for injuries to the neck and 46 %. PPD to the body as a whole for injuries to the back as a result of the 1992 injury and that Claimant had a pre-existing PPD of 7% to the back. The trial court awarded appropriate benefits, a portion of which were commuted to a lump sum.[1]

---

1. In its Order Nunc Pro Tunc, filed November 22, 1995, the trial court modified the amount of the lump sum to be paid Claimant.

¶3 In October 1996, Claimant filed a motion to reopen his claim, alleging that he had a change of condition for the worse. Following a hearing on June 25, 1997, the trial judge entered its order (the second order) finding, *inter alia*, that Claimant had sustained a change in physical condition for the worse, and that as a result of his January 25, 1992 injury and the change of condition for the worse, he was now totally and permanently disabled and in need of continuing medical maintenance. On *en banc* appeal, a three-judge panel modified a portion of the trial court order not relevant to the issues in this proceeding but otherwise affirmed. Employer then filed this review proceeding.

¶4 Employer argues the order should be vacated because: (1) there was no competent medical evidence supporting a change of condition for the worse; (2) the trial court abused its discretion by refusing to grant Employer a continuance for Claimant's failure to cooperate in discovery; and (3) Employer was denied due process because it had no notice that Claimant's request for reimbursement of prescription and travel expenses would be heard at the hearing on June 25, 1997. Our review, of course, is limited to determining whether the decision is contrary to law or unsupported by any competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548.

¶5 A previously adjudicated workers' compensation claim may be reopened upon the showing of a change of condition. 85 O.S.1991 § 28. Oklahoma law presumes a claimant's physical condition has not changed since the last adjudication and places the burden on the claimant to prove otherwise. *Wald v. Roto Rooter*, 1995 OK CIV APP 122, 910 P.2d 354. When reopening on that basis, the claimant must produce competent evidence that (1) there has been a change of condition, producing increased disability or triggering recurrence of the healing period, and (2) that the changed condition is a legitimate consequence of the compensable accident, *i.e.*, medically related to the on-the-job injury. *Bama Pie, Ltd. v. Raes*, 1995 OK 122, 905 P.2d 811. Although a claimant may offer his own testimony as evidence of a change of condition, he must also provide competent medical evidence when the proof of injury requires expert opinion. A back injury requires a medical opinion. *Oklahoma Gas & Electric Co. v. Black*, 1995 OK 38, 894 P.2d 1105.

¶6 In its first proposition, Employer separately addresses the medical opinions of Claimant's two experts—the September 1996 report by Dr. M and the deposition of Dr. S—arguing neither provides competent evidence that Claimant's condition has changed for the worse. Relying on *Reeves v. Central Sales Promotions*, 1981 OK CIV APP 35, 632 P.2d 436, Employer first argues that Dr. M's report does not establish that Claimant's condition was worse than at the time of the first order because the report shows that Dr. M did not believe Claimant had any more impairment to his back than Dr. M had found in his earlier examination before the first order.

¶7 In *Reeves*, the physician opined that the claimant was 30% impaired, representing a 24% material increase above the trial judge's previous 6% disability award. Considering the same physician had opined the claimant was 30% impaired at the time of the first award, the *Reeves* court concluded that "[t]he speciousness of such bootstrap reasoning is obvious. His conclusion is a non sequitur that sheds no light on the relative condition differential of the patient between the time [he] first examined claimant and his later examination."

¶8 Similarly, Employer points out that Dr. M's April 1995 report of 73% permanent partial impairment (PPI) due to injuries to the lumbosacral spine is actually 1% *lower* than his September 1996 report of 72% PPI, yet he opines that Claimant incurred an additional 19% PPI to the same area. Employer contends that, like the physician in *Reeves*, Dr. M's report "did not say whether he found Claimant's disability increased from what it was at the time of the first award. He merely compared Claimant's condition with what the court found it to be earlier."

¶9 Employer's argument must fail for several reasons. First, the *Reeves* claimant only had a low back injury, whereas in this case, Claimant had both back *and* neck inju-

ries. Despite Dr. M's April 1995 report opining Claimant had 66% PPI to the whole body due to injuries to the back and 43% PPI to the neck, the workers' compensation trial court awarded Claimant's 46% PPD to the back *and* 34% PPD to the neck in its first order. The extent of disability resulting from an accidental injury is the disability determined by the Workers' Compensation Court within the limits expressed by competent medical evidence; it is this adjudication which determines the extent of disability for which compensation is awarded—and not the physician's medical evaluation. *National Zinc Co., Inc., v. Dewitt,* 1978 OK 7, 574 P.2d 300. Employer's argument improperly focuses on the mathematical difference in ratings between Dr. M's two reports *and* that part of Dr. M's September 1996 report concerning Claimant's back, without consideration of the body as a whole. Although Claimant's overall back rating is 1% lower in Dr. M's September 1996 report, that same report rated Claimant's neck disability as 53%—10% higher than his previous report.

¶ 10 Second, Employer's argument fails to consider that the appellate court in *Reeves* also analyzed the physician's "examinational findings" before affirming the *en banc* court's vacation of the trial court's conclusion that the claimant's condition had significantly changed for the worse. After comparing both reports, the court concluded that "[the comparison] fails to disclose a significant change of claimant's condition for the worse. In fact, one could argue it shows an improvement." We can not say the same when comparing Dr. M's reports.

█ ¶ 11 Furthermore, the opinion of a medical expert need not be given in categorical terms nor in the precise language of the statute. A trial tribunal's award rests on competent evidence when it is supported by the *general tenor and intent of the medical testimony. Bama Pie, Ltd.,* 1995 OK 122, ¶ 11, 905 P.2d at 815. Unlike the April 1995

report, the September 1996 report states that Claimant complains of *increased* loss of range of motion in his neck and lower back and difficulty in negotiating steps, inclines or walking, and that Claimant has *severe* scarring consistent with previous cervical surgery and *extensive* scarring in lower back. In addition, Dr. M opines in his September 1996 report that subsequent to the November 6, 1995 order, "[t]he claimant underwent a change of condition for the worse manifested by increased pain and debility of the neck, [and] lower back ... and in my opinion, the change of condition for the worse is job related."

█ ¶ 12 In the remaining two parts of its first proposition, which we combine as one issue, Employer argues that reversal is required because neither Dr. M nor Dr. S reviewed *all* of Claimant's medical records. Relying on *Bryant–Hayward Drilling Co. v. Cook,* 1971 OK 5, 483 P.2d 1131, as its sole authority, Employer contends if a medical expert has not seen all of the claimant's medical records, he has no basis for an opinion comparing the claimant's relative impairments. Claimant argues that the requirements for a physician's medical report or testimony set forth in Rule 26, 85 O.S .Supp. 1995, Ch. 4, App., has been satisfied by both reports.

¶ 13 We agree with Claimant for two reasons. First, *Bryant–Hayward Drilling* does not support Employer's argument.[2] Secondly, Rule 26, entitled Change of Condition, provides in pertinent part, that:

> The physician's medical report or testimony at the subsequent trial must show that said physician was either the attending or examining physician at the time of the previous award *or* that the physician has personal knowledge of claimant's condition at that time, *or* it must show that the physician has examined reports, x-rays and any other medical data referring to claim-

---

**2.** In *Bryant–Hayward Drilling,* 1971 OK 5, ¶ 9, 483 P.2d at 1133, the court stated that "[i]f the medical expert is incapable of making this finding [change of condition] because of the particular condition, lack of opportunity to have examined claimant before the prior hearing, or to have examined reports, X-rays, results of tests or

examination, charts or other medical records bearing upon the condition of claimant before the last hearing, then a mere statement regarding the percent of disability claimant now has is of little or no probative value in a hearing on a change of condition for the worse."

ant's condition at the time of the previous award. (Emphasis added).

Nothing in Rule 26 requires that a physician review *all* of a claimant's medical records. As the first part of Rule 26 requires, Dr. M, as the examining physician, indicated in his September 1996 report that he reviewed his April 1995 report, which the record reveals was admitted as evidence at Claimant's November 6, 1995 hearing.

¶ 14 Although Dr. S, who was Claimant's treating physician from March of 1996 through the change of condition hearing in June of 1997, could only specifically recall examining the records of Claimant's surgeons (Dr. Hawkins and Dr. Benner), the records from Saint Francis Hospital where Claimant had his surgeries, and Dr. M's April 1995 report, Employer does not dispute that these records "refer to claimant's condition at the time of the previous award" and does not argue that Dr. S could not adequately compare Claimant's pre-award condition to his post-award condition from those records alone. Additionally, Claimant testified that he took Dr. S all his medical records, including those from out-of-state, and an x-ray for every surgery he had, and that they had "looked them over."

■ ¶ 15 On this record, we agree with Claimant that the Worker's Compensation Court had competent evidence upon which to conclude Claimant had a change of condition for the worse and that it was medically related to Claimant's 1992 on-the-job injury. The order is supported by competent evidence and will not be disturbed absent some error of law. .

¶ 16 In its second proposition, Employer argues the workers' compensation trial court abused its discretion when it failed to grant Employer's motion for continuance *based on* Claimant's failure to cooperate in discovery, *i.e.,* responses to requests for production and interrogatories were incomplete and non-responsive, and that this error prejudiced Employer by forcing it to trial without the benefit of discovery of medical records relevant to Claimant's alleged worsened condition. On this record, we need not decide this issue. It is incumbent upon Employer to provide a sufficient record which demonstrates the al-

leged error of the trial court. *Fortenbacher v. Guardsmark,* 1993 OK CIV APP 194, 867 P.2d 487.

■ ¶ 17 The granting or refusing of a continuance is within the sound discretion of the trial court and is not reversible unless an abuse of discretion is shown. Further, a party who seeks reversal of the trial court's judgment due to an error in sustaining objections to interrogatories has the burden to show the trial court erred and that such error prejudiced his case. *Norman Plumbing Supply Co. of Oklahoma City, Inc. v. Gilles,* 1973 OK 89, 512 P.2d 1177. Although we understand Rule 8, 85 O.S.Supp 1995, Ch.4, App., provides that no depositions, interrogatories, etc., shall be filed with the Workers' Compensation Court, Employer's discovery requests were not attached to either of its Motions to Compel, filed June 2, 1997 and June 24, 1997, respectively, and only Claimant's answers were described in the latter motion.

■ ¶ 18 More importantly, the record before us does not demonstrate that Employer's requests for production and interrogatories were filed with its request for review, which only generally referred to such requests. Without such information we cannot evaluate whether those items were subject to discovery and whether they were of such importance that Employer's rights were prejudiced. In short, we cannot determine whether the trial court abused its discretion. Employer has failed to demonstrate it was prejudiced and therefore has failed to demonstrate any abuse of discretion by the trial court. *Ford v. Johnston Testers, Inc.,* 1960 OK 248, 376 P.2d 338.

¶ 19 In its last proposition, Employer argues that the trial court denied it due process by prematurely hearing and ordering the reimbursement of prescription and travel costs. Employer contends that Claimant "had just recently filed his request for these items so it had not had an opportunity to review and consider them for payment" and further contends that when the case was set for trial, those items were not on the docket to be heard that day. Thus, Employer claims it had no notice these issues would be heard.

¶ 20 Claimant improperly characterizes this complaint as an objection to the admission of evidence allegedly provided too late under Workers' Compensation Court rules, and argues that the evidence was cumulative and any error was harmless, citing *Howard v. T.G. & Y. Stores, Inc.,* 1986 OK 45, 725 P.2d 1262. Employer's objection does not go to the admission of the evidence, but to the lack of notice that this issue was on for trial on the date this case was heard.

¶ 21 The transcript reveals that immediately after making its objection Employer argued that "[i]t wasn't on the docket sheet, today, hasn't come up for hearing; object to those issues." Significantly, Claimant does not assert that those issues were set for trial, and these expenses were identified as an issue for trial on a subsequent Form 9 filed by Claimant after he filed the Form 9 requesting trial on his motion to reopen. Notice is a fundamental element of due process. *Bailey v. Campbell,* 1991 OK 67, 862 P.2d 461. Furthermore, an orderly hearing is essential to an award of the Workers' Compensation Court and notice thereof or an opportunity to be heard is jurisdictional. *Nelson v. Central State Roofing Co.,* 1959 OK 193, 345 P.2d 866.

¶ 22 Although Employer may have generally been aware that Claimant was requesting reimbursement for various medical expenses and associated travel costs, Employer had no notice that issues concerning these particular expenses, which Claimant had treated as issues separate from his motion, were scheduled for trial at the same time. Under the circumstances, the court erred as a matter of law in considering those issues. Accordingly, the panel's order affirming the trial court's reimbursement of Claimant's prescription and travel expenses by Employer is vacated, and the case is remanded for consideration of those issues.

SUSTAINED IN PART AND VACATED IN PART.

HANSEN, J., and BUETTNER, P.J., concur.