Wyrick, J.:
 

 ¶1 The district court in this case sanctioned Honda Motor Company for "destroying evidence." The evidence-a computer program that Honda uses when designing new models of its vehicles
 
 [1]
 
 -had been deleted
 
 *1060
 
 pursuant to a routine document-retention policy some 12 years prior to the accident that sparked this litigation.
 
 [2]
 
 The Plaintiff in the case wants the computer program so that his expert can use it to attempt to demonstrate that Honda could have designed a safer car. The computer program is expensive-between two and three million dollars according to Plaintiff-so he understandably wanted to get it from Honda rather than pay to recreate it. As punishment for Honda's inability to produce the program, the district court issued an order directing that an "adverse inference" jury instruction be given at trial, i.e., an instruction telling the jury that it can infer that the computer program would be adverse to Honda's defense. This was a clear abuse of the trial court's discretion to issue such sanctions.
 
 [3]
 
 We accordingly assume original jurisdiction and issue a writ of prohibition preventing the Respondent, Hon. Norman Thygesen, or any other assigned judge, from enforcing the August 9, 2017, sanctions order.
 

 ¶2 The sanctions order was a clear abuse of discretion because it failed to account for 12 O.S.2011 § 3237(G), which prohibits sanctions in circumstances like these unless there is a finding of "exceptional circumstances":
 

 ELECTRONICALLY STORED INFORMATION. Absent exceptional circumstances, a court may not impose sanctions on a party for failure to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.
 

 Section 3237(G) applies because there is nothing in the record to indicate that the deletion of the program was the result of something other than the routine operation of Honda's information-retention system. Nor is there anything in the record to demonstrate Honda was operating its retention policy in bad faith when it deleted the program some 12 years prior to the commencement of litigation.
 

 ¶3 To be sure, this "safe harbor" provision doesn't protect a party who fails to "implement[ ] a sufficient litigation hold once a lawsuit is filed or becomes likely"
 
 [4]
 
 -that's the very sort of bad-faith operation for which a sanction would be permitted. But there is nothing on this record to suggest that Honda was required to halt the normal course of its retention policy in 2003 in anticipation of litigation that didn't commence until 2015-no decision from this Court has ever recognized a duty to preserve data in anticipation of litigation that might happen 12 years in the future. And to recognize such a duty would essentially require Honda to retain all electronically stored information relating to the design of the 2006 Accord
 
 for as long as one of those cars might still be on the roads
 
 . Such a broad and long-running duty would be antithetical to the design of section 3237(G), which plainly recognizes the need of individuals and entities not to be burdened
 
 *1061
 
 by legal obligations to retain their electronically stored information in perpetuity.
 

 ¶4 Thus, because Honda was under no legal obligation to retain the computer program at the time it was deleted, and its deletion was pursuant to the routine, good-faith operation of Honda's document-retention system, Honda falls within section 3237(G)'s safe harbor. Only some "exceptional circumstances" would therefore permit sanctions, none of which was found by the district court. Accordingly, the district court's sanctions order was not authorized by law.
 

 ¶5 For these reasons, we assume original jurisdiction, and issue a writ of prohibition preventing the Respondent, Hon. Norman Thygesen, or any other assigned judge, from enforcing the August 9, 2017, sanctions order.
 

 Combs, C.J., Gurich, V.C.J., and Kauger, Winchester, Edmondson, Reif, and Wyrick, JJ., concur.
 

 Colbert, J., dissents
 

 [1]
 

 The particular data Plaintiff desires is called Finite Element Modeling (FEM), which is the result of a process by which engineers convert the physical details of a car into mathematical equations for purposes of testing. The design details of the car are broken down into "elements," and each element is then reduced to a series of equations. It can take an entire day to model just one element of a car's design, and there can be as many as a million elements to a single car. Once an element is modeled, analysts can then isolate or group the element with others to test for things like how the element will react to a particular impact. This process allows manufacturers to test crashworthiness without having to physically build and crash a car.
 

 [2]
 

 The accident in this case took place in August of 2015. The vehicle at issue was a seventh-generation Honda Accord, the U.S. production of which lasted from 2003 to 2007. The FEM data Plaintiff seeks was created during the design phase of the vehicle between 2000 and 2002. According to Honda, this data was discarded by 2003 pursuant to its document-retention policy. Indeed, Plaintiffs conceded at the hearing before the district court that the relevant data was destroyed before the vehicle was released for public consumption, Tr. of Hr'g on Pl.'s Mot. to Compel, App'x at 284, which demonstrates that the loss occurred not only well before this litigation was imminent, but also before any such litigation could have been pending.
 

 [3]
 

 See
 

 Exxon Co., U.S.A. v. Dist. Ct. of Kingfisher Cty., Fourth Judicial Dist.
 
 ,
 
 1977 OK 231
 
 , ¶ 6,
 
 571 P.2d 1228
 
 , 1230 ;
 
 Warren v. Myers
 
 ,
 
 1976 OK 118
 
 , ¶¶ 20, 22,
 
 554 P.2d 1171
 
 , 1174 ("[T]he extraordinary writs of mandamus and prohibition may be resorted to only in cases where the trial court lacks jurisdiction or has clearly abused judicial discretion in its orders controlling pre-trial discovery. ... [M]andamus or prohibition to require or prohibit the trial court from enforcement of an order regarding the answering of interrogatories will only be entertained by this Court if the trial court is either without jurisdiction or has clearly exceeded the bounds of judicial discretion").
 

 [4]
 

 Steven S. Gensler,
 
 Oklahoma's New E-Discovery Rules
 
 , 81 Okla. B.J., no. 29, at 2427, 2433 (Nov. 6, 2010),
 
 available at
 
 http://www.okbar.org/members/BarJournal/archive2010/NovArchive10/obj8129Gensler.aspx.