**ARMCO STEEL CORPORATION, Petitioner,**

v.

**STATE INDUSTRIAL COURT and Thomas L. Bartley, Respondents.**

**No. 50344.**

Supreme Court of Oklahoma.

July 26, 1977.

Russell Cobb, III, Moyers, Martin, Conway, Santee & Imel, Tulsa, for petitioner.

Bill E. Ladd, Tulsa, for respondents.

DAVISON, Justice:

Petitioner, hereafter respondent, seeks to vacate an order, awarding additional compensation for change of condition for the worse, for asserted lack of competent medical evidence to support the order.

The issue arises from respondent's interpretation of meaning and application of State Industrial Court Rule 23, (85 O.S.

Supp.1976 Ch. 4, Appdx.) which provides motion based upon change of condition for the worse shall be supported by a doctor's report showing substantial change of condition. The Rule also provides:

"* * * a motion to reopen claimant's case under an award for permanent partial disability or Form 14 settlement on the ground of change of condition for the worse may be made at any time within the statutory period of limitations by the claimant, and such motion shall be supported by a doctor's report showing a substantial change of condition for the worse since said award.

The physician's report shall show that he was either the attending or examining physician at the time of the making of the award, or that he had personal knowledge of claimant's condition at the time of said award, or has had opportunity to examine reports, x-rays, and other data reference to claimant's condition at time of said award, in the event the report of the attending physician cannot be obtained in this state. * * *."

Claim for compensation alleged accidental injuries to neck, right shoulder and low back, on January 20, 1971. Surgical removal of cervical discs was performed by Dr. F., and interbody fusions were done by Dr. P., who followed claimant's convalescence. Later diagnosis disclosed massive tear of right shoulder rotator cuff. Necessitating further surgery by Dr. P. Thereafter, disability to body as a whole was evaluated as 10% to neck and 15% to the shoulder, and on June 16, 1972, claimant was reported to have reached maximum recovery from accidental injuries. On August 18, 1972, a Form 14 settlement for 30% permanent partial disability was approved, and this award was paid and discharged.

On January 8, 1976, motion to reopen on change of condition for the worse was filed, supported by medical report of Dr. A., who took history and carried out physical examination. After examination, this doctor reported material change of 70% to body as a whole, resulting from accident. At the hearing on February 11, 1976, respondent objected to claimant's medical evidence because not made by attending physician, or examining physician at time award was made. The court found the medical report insufficient for failure of the doctor's report to encompass matters required to be shown in report from a doctor other than treating physician. The trial court granted claimant opportunity to secure supplemental medical report, although pointing out respondent had waived right to have claimant examined, but would have right to object to supplemental report.

Supplemental report was furnished by Dr. A., clarifying original report upon change of condition by statement original examination had been made after reviewing reports of Dr. F. and Dr. P. Further supplement stated report was made after physical findings and x-ray studies, coupled with review of reports from those physicians and all laboratory findings during claimant's hospitalization.

Respondents filed objections to supplemental report because:

1. It was not made by physician attending claimant when award was entered;

2. Reporting doctor had no personal knowledge of condition at time of award;

3. Report of Dr. P. could have been obtained in the state.

After being set, the case was stricken and re-set for July 22, 1976, respondent being advised of right to have claimant examined and submit a medical report. Upon hearing, respondent advised no medical examination had been sought from attending physician because claimant had violated Rule 23, by not seeking examination by Dr. P., and respondent owed no duty to see claimant had examination by attending physician. The court pointed out there had been a month within which respondent could have had examination by Dr. P., or by another physician, and respondent could not rely upon claimant's alleged violation when making no effort to comply with the Rules. The case was ordered submitted upon claimant's medical evidence.

The trial court found claimant permanently totally disabled, and awarded compensation for 70% change of condition for the worse to body as a whole. This order was affirmed on en banc appeal.

Two contentions are presented as grounds for vacating this award. The first declares reasonableness of Rule 23 must be recognized as necessary to orderly transaction of business. From this truism, respondent asserts an interpretation of the rule, concerning competency of such medical reports, is binding upon all and precludes State Industrial Court exercising discretion in application thereof. The second contention insists claimant failed to submit proper medical evidence in compliance with requirements and, having failed to sustain this burden, there was no competent evidence to support this order and the award must be vacated.

Substance of respondent's argument is that motion for hearing on change of condition must be supported by medical evidence produced by either of first two alternatives, and third alternative can be resorted to only if neither of these can be obtained within the state. Stated otherwise, motion on change of condition must be supported by medical report obtained under these alternatives, unless a claimant proves inability to secure a medical because both of the physicians are unavailable within the state.

Impreciseness in phraseology and text of the rule may be conceded. However, we do not ascribe to the rule the narrow meaning and unequal application applied by respondent. The reasons are apparent. Any motion for hearing on change of condition would require support from medical report of attending physician, or a doctor who had knowledge of claimant's condition at time of last award, unless the third alternative was proved.

In this case, respondents furnished medical treatment from Dr. F. and Dr. P. Dr. F. had left the state, but Dr. P. could have been available after returning from vacation. Under respondent's attempted construction of this statute, because Dr. P. still prospectively was available within the state, no physician except Dr. P. could examine claimant and determine change of condition. Thus, in most cases, any motion for additional compensation based on change of condition would have to rest upon report of respondent's treating doctor.

Thus, in most instances, as in the present case, claimant's only opportunity to present motion for change of condition would rest upon a report from respondent's doctors. We do not believe this anomalous situation was intended by this rule, or is permissible in application of the Act, 85 O.S.1971 § 1, et seq.

Specific statutory authority permits State Industrial Court adoption and promulgation of reasonable rules. 85 O.S.1971 § 77. Decided cases consistently have declared that court's authority to adopt rules also includes the power to relax those rules. *Wasson v. Tulsa Dairy Supplies,* Okl., 315 P.2d 773; *Dye v. Ed Johnston Grain Company,* Okl., 319 P.2d 1004; *Wood v. Oklahoma Osteopathic Hospital,* Okl., 512 P.2d 135.

We do note the first grammatical paragraph of Rule 23 authorizes presentation of a motion to discontinue payments, for permanent partial disability upon change of condition for the better. This motion may be supported by a doctor's report, or by affidavit stating change has occurred and a physician's report cannot be obtained. This provision of the rule clearly affords greater latitude to respondents than is extended to claimants. This is true particularly in view of further provision, that a claimant's failure to submit to medical examination upon order warrants suspension of compensation payments. No such burden or responsibility is charged against a respondent.

The fifth grammatical paragraph authorizes the trial court to order medical examination at respondent's expense. Although claimant's motion can be denied for failure to submit to examination as ordered, no penalty accrues to a respondent which fails to submit a medical report which was ordered by the court, as respondent failed to do in this case, as Dr. P. was unavailable for appointment and no continuance was asked for by respondent.

**102**

We construe Rule 23, to mean a motion for change of condition for the worse must be supported by report of: (1) attending physician; or (2) a physician who had knowledge of claimant's condition at time of last award; or (3) a physician whose examination and report showing change of condition for the worse is based upon and includes facts definitively enumerated in *Bryant-Hayward Drilling Company v. Cook,* Okl., 483 P.2d 1131.

Unless Rule 23 is so construed, the requirements are contradictory and discriminatory. We find no merit in respondent's argument refusal to submit medical report from the attending physician should be viewed as an effort to comply with the rule. Refusal to comply with the court's order under these circumstances was no more defensible than claimant's refusal could have been under the same circumstances. Respondent cannot defend upon basis of the Rules when shown to be in violation thereof.

We are of the opinion the trial court properly relaxed strict requirements of Rule 23, and applied a reasonable interpretation of contradictory language for benefit of one of the class which the Act, *supra,* was designed to protect. Our conclusion in respect to requirements of Rule 23 negates respondent's further arguments relating to lack of any competent medical evidence to support finding change of condition for the worse.

Award sustained.

HODGES, C. J., LAVENDER, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.