**BLUE BELL, INC., and Liberty Mutual Insurance Company, Petitioners,**

v.

**Grace McKAY and the State Industrial Court of the State of Oklahoma, Respondents.**

No. 50725.

Supreme Court of Oklahoma.

Jan. 10, 1978.

---

Crowe & Robinson by William A. Robinson, Oklahoma City, for petitioners.

Eddie Harper, Oklahoma City, for respondent.

DOOLIN, Justice.

Petitioner, hereafter the respondents, brought this proceeding to review a trial judge's order awarding claimant additional temporary total compensation and medical treatment because of change of condition for the worse. This order was sustained by State Industrial Court on en banc appeal.

Claimant sustained injury May 12, 1975. Some weeks after initial treatment, claimant was hospitalized with diagnosis of injury to back and hips which was treated by traction. Myelogram examination in June at a Shawnee hospital was followed by disc surgery July 29, 1976. In December 1975, the treating physician (Dr. B.) released claimant for return to work. Although she was unable to sit or stand for extended periods, temporary total compensation ceased.

On January 23, 1976, claimant appeared for joint petition settlement without counsel. The proposed settlement included medical report of Dr. B. evaluating 15% permanent partial disability due to accidental injury. The trial judge declined to approve a joint petition. Thereafter a Form 14 settlement was effected February 2, 1976, under which claimant received nine weeks additional temporary total disability and compensation for 15% permanent partial disability to body as a whole. The respondent attached Dr. B.'s medical report to the settlement agreement.

June 2, 1976, claimant filed Motion To Reopen for change of condition for the worse, which required further medical treatment and temporary total compensation. Motion was supported by medical report of Dr. A. based upon examination on May 11, 1976. After detailing history, results of x-ray examination and physical findings, this physician stated claimant had undergone lumbar spine surgery, necessitated by accidental injury. The back condition had deteriorated so that claimant required

further treatment, and was temporarily totally disabled for performance of ordinary labor.

At hearing on this motion (July 19, 1976) claimant testified concerning worsening condition and encroaching physical limitations after February 1976, including development of a limp when walking, inability to stoop, or to sit, or lie in bed long at a time because of pain. Respondents' demurrer to this evidence as insufficient to show change of condition was overruled. Upon completion of testimony claimant offered Dr. A.'s medical report. Objection to this report, on grounds the doctor had not seen claimant prior to time of previous award and could not make necessary comparison for determining change of condition, was overruled. Claimant then sought and was given leave to file supplemental medical report to establish Dr. A.'s familiarity with prior medical reports.

Respondents filed written objection to claimant's supplemental report on grounds of incompetency, not in compliance with State Industrial Court, Rule 23, and violative of agreement by claimant on Form 14 settlement not to rely on any medical report other than that of Dr. B.

The trial judge found change of condition had resulted in continuing temporary total disability and ordered respondents to furnish necessary medical care and treatment. On en banc appeal this order was adopted, affirmed and made the judgment of State Industrial Court.

Respondents submit three propositions in asking vacation of this order. In short summary respondents claim: (1) error in overruling demurrer to the evidence and permitting claimant to introduce supplemental medical report in violation of Rules; (2) the only competent medical evidence was a report of respondents' Dr. B., and the order reviewed therefore is unsupported by competent evidence; (3) claimant's medical reports were in derogation of contractual agreement in Form 14, but if admissible, all evidence introduced by claimant was incompetent and insufficient to show change of condition which lessened ability to work.

■ Strict rules of pleading and practice are not applicable to proceedings for compensation. *Berry v. State Insurance Fund,* 332 P.2d 7 (Okl.1958); neither is State Industrial Court bound by strict rules of evidence. *Skaggs v. Bennett Van & Storage,* 204 Okl. 32, 226 P.2d 419 (1951). Strict rules for trials before other courts are inapplicable, the test being whether at conclusion of a complete hearing there is any competent evidence reasonably tending to support the court's finding. *Santa Fe Transportation Company v. Vaughan,* 194 Okl. 16, 146 P.2d 827 (1944).

■ Santa Fe concerned alleged error in sustaining demurrer to the evidence. We pointed out proceedings to secure compensation are unlike jury trials, but more nearly analogous to causes tried to a court without intervention of a jury. Thus the rule concerning a trial court's duty in passing upon a demurrer to the evidence is inapplicable to a trial court's determination of fact questions in compensation cases. A fundamental requirement is that all parties shall have opportunity to develop their case before State Industrial Court. *1800 Restaurant, Inc. v. Gossett,* 262 P.2d 437 (Okl. 1953).

A two-fold argument claims introduction of a supplemental medical report was violative of State Industrial Court Rule 23; and in derogation of claimant's contractual agreement, entered into on Form 14 settlement, to rely solely upon medical evidence of respondents' Dr. B. in event of change of condition.

Respondents contend there was no competent medical evidence to support any order, the only competent evidence being that of Dr. B. The argument insists Form 14 settlement executed by claimant was a bilateral contractual agreement supported by consideration. Under this agreement, in event of change of condition, claimant had agreed and was bound to rely upon medical findings of respondents' treating physician (Dr. B.). Authorities cited define contracts and obligations thereunder, and are offered to support a conclusion this obligation was effective and barred claimant from a re-

liance upon other medical evidence. These decisions involved actions to quiet title, for specific performance, and for damages for breach of contract, and cannot be considered as controlling in a compensation case for the reasons hereafter stated.

■ Respondents' argument fails to recognize effect of a provision in our Act, 85 O.S.1971 § 47. This statute declares no agreement by an employee to waive his right to compensation is valid. Respondents' conclusion would constitute waiver of right to compensation by prescribing limitation or condition upon proceedings to secure additional compensation. A settlement contract between employer and employee, under which an employee waives any benefits under the statute is void. *United States Fidelity & Guaranty Co. v. State Industrial Commission,* 125 Okl. 131, 256 P. 892 (1926); *Utility Coal Co. v. Rogez,* 170 Okl. 264, 39 P.2d 60 (1935).

Respondents' contention presents essentially the same issue as that recently decided in *Armco Steel Corporation v. State Industrial Court,* 567 P.2d 99 (Okl.1977). In that case contention was that State Industrial Court Rule 23 restricted claimant to evidence from respondents' treating doctors, when available, as prerequisite to presenting Motion To Reopen for change of condition. Therein we pointed out strict application of Rule 23 in most instances would require claimant's motion to rest solely upon a report from respondents' treating doctor. And, if so construed requirements of Rule 23 are contradictory and discriminatory. At page 102 this court said:

"We construe Rule 23, to mean a motion for change of condition for the worse must be supported by report of: (1) attending physician; or (2) a physician who had knowledge of claimant's condition at time of last award; or (3) a physician whose examination and report is based upon and includes facts definitively enumerated in *Bryant-Hayward Drilling Company v. Cook,* 483 P.2d 1131 (Okl. 1971).

Respondents finally contend medical evidence was insufficient to show change of condition for the worse so as to lessen ability to perform manual labor. Argument is that there was no lessening of ability to work since she had not returned to work after Form 14 settlement. Thus, because claimant's evidence only showed increased physical suffering, which is not compensable no evidence showed change of physical disability to labor, and claimant did not prove change of condition for the worse. Citing *Shell Petroleum Corporation v. Patton,* 167 Okl. 246, 29 P.2d 86 (1934); *Sinclair Refining Company v. Duncan,* 297 P.2d 563 (Okl.1956).

Respondents' argument and conclusion that no change of condition had occurred is negated by reasoning expressed in *Nuway Laundry Company v. Hacker,* 396 P.2d 659 (Okl.1964).

"Recurrence of temporary incapacity, either before or after a determination of permanent partial disability has been effected, constitutes a change of condition within the contemplation and purview of 85 O.S.1961 § 28, and affords a proper basis for an order allowing additional compensation. *Hondo Petroleum Company v. Piearcy,* 376 P.2d 1012, 1013 (Okl. 1962). An additional allowance of temporary benefits may be predicated upon a finding that claimant is in need of medical attention due to a subsequent progression in his compensable condition. *Phillips Petroleum Co. v. Anguish,* 201 Okl. 691, 209 P.2d 689, 690 (1949)."

ORDER SUSTAINED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY and BARNES, JJ., concur.