**CITY OF ENID, Own Risk, Petitioners,**

v.

**Bobby O. THARP, and Workers' Compensation Court, Respondents.**

**No. 63337.**

Court of Appeals of Oklahoma, Division No. 4.

April 23, 1985.

Released for Publication by Order of the Court of Appeals May 23, 1985.

Jerry L. Stone, Asst. City Atty., Enid, Okl., for petitioners.

William A. Robinson, Robinson & Bower, Inc., Oklahoma City, Okl., for respondents.

BRIGHTMIRE, Presiding Judge.

On January 15, 1982, Bobby O. Tharp sprained his back when he tried to lift a 200 pound "air chuck" while buffing a floor for the City of Enid, Oklahoma. The custodian filed a claim for compensation and on October 6, 1982, was awarded temporary total disability and thirteen percent permanent partial disability to the body as a whole.

Though it is not in the record, Tharp is said to have filed a Form 9 on June 6, 1984, requesting that the prior award be reopened because his condition has since worsened. The court did reopen the case and awarded the cost of additional medical treatment and temporary total disability compensation. Employer appealed to the court en banc. It affirmed the order and employer now seeks review here. We sustain the award.

## I

██ Employer contends that the court en banc erred in affirming the order of the trial judge because Tharp did not meet the necessary legal requirements to reopen an award based on a change of condition. More specifically the argument is that since claimant has never returned to work after the original award it cannot be determined "whether there has been a physical change in an employee's ability to labor and to perform duties of his employment since [the] last prior order or award and is attributable to [the] original injury," the test for reopening prescribed by *National Zinc Company v. Thomas,* 554 P.2d 1, 4 (Okl.1976). And, continues the employer, the *National Zinc* court said this meant that "[l]essening of physical ability to perform ordinary acts or chores unconnected with employment are insufficient criteria for showing change of condition." Since claimant Tharp has not returned to work and all he "basically complains of [is] an increase in pain or more severe pain," the employer contends, it is impossible to find that Tharp's change of condition has lessened his ability to perform labor and duties connected with his employment as a custodian and the fact that claimant can no longer mow the lawn or do carpentry work around his house cannot be considered as proof that he cannot perform the custodial duties of his job.

We disagree. The idea that because an employee has not resumed his erstwhile employment he cannot satisfy legal prerequisites for reopening his case even if he proves a worsened condition is somewhat of an unlubricated abstrusity that was implicitly considered to be unsound by the court in *Blue Bell, Inc. v. McKay,* 573 P.2d 709 (Okl.1978). In this case, particularly, there is nothing so esoteric about custodial work that it prevents a physician and a court from grasping the essentials of the labor and duties it entails and making an abstract determination of the extent to which claimant can satisfactorily perform them.

## II

██ The employer's other contention—that the evidence is insufficient to show a change of condition for the worse requiring further medical treatment and temporary total compensation—is also without merit.

Claimant's evidence of increased disability featured a medical report of a physician who came right out and said claimant "has suffered a substantial change in his condition for the worse, with more severe pain and limited mobility of the dorsolumbar spine, as well as radicular pain to his legs" and he "is in need of additional time for evaluation, treatment and recovery." This same doctor had previously evaluated claimant's disability at 25% permanent impairment to the whole man.

Other evidence of claimant's pathological retrogression included his own testimony disclosing that his physical problems were "extremely worse."

"I got to a point," he said, "where I can't stand any length of time and I can't do any work and I can't walk any distance."

By comparison, he recalled that when the first hearing was held he could stand and do different kinds of work including light carpentry, lawn mowing, and general household duties. The intensity of his pain, he said, is greater now than before.

This is competent evidence of a degeneration of claimant's condition. It justified the questioned finding and order.

Award sustained.

RAPP and STUBBLEFIELD, JJ., concur.