**OKLAHOMA GAS & ELECTRIC CO., Petitioner,**

v.

**Albert BLACK and the Workers' Compensation Court, Respondents.**

No. 80476.

Supreme Court of Oklahoma.

April 18, 1995.

Gary D. Long, Oklahoma City, for petitioner.

Jack Zurawik, Jones–Zurawik, Tulsa, for respondents.

PER CURIAM:

The claimant, Albert Black, was awarded temporary, total, disability benefits by a trial judge of the Workers' Compensation Court. The three-judge panel affirmed that award, but the Court of Appeals subsequently vacated the decision of the three-judge panel. We have previously granted certiorari. The issue is whether competent evidence exists to uphold the panel's decision. We hold that there is.

In 1986, the claimant suffered a back injury unrelated to this appeal, and was awarded 25 percent, permanent, partial disability, as a result. In 1987, the claimant injured his back on the job while working for Oklahoma Gas & Electric Company (the employer). Based on the 1987 injury, the Workers' Compensation Court awarded the claimant 32 percent, permanent, partial disability, over and above his pre-existing disability of 25 percent. In 1990, he filed a motion to reopen his 1987 claim, based upon a change of condition for the worse. At the time of this 1990 filing, he declined the back surgery recommended by his doctor. In 1991, the trial court found that the claimant had sustained a change of condition for the worse resulting in permanent, total disability.

The employer appealed to the three-judge panel, which vacated the trial court's finding of permanent, total disability. The panel found that the claimant had suffered a change of condition of an additional 36½ percent over and above the 25 percent from the 1986 injury, and the 32 percent initially attributed to the 1987 injury. Following the panel's decision, the claimant filed a motion to reopen on April 2, 1991, claiming that his pain had worsened to a point that he desired to undergo surgery.

At the 1992 hearing to determine whether the claimant was entitled to temporary benefits, the claimant testified, and the deposition of Dr. H. was offered into evidence. According to the claimant, his physical condition had worsened since his 1990 award, and he was now unable to perform any work. On cross-examination, the claimant testified that he did perform some work subsequent to his 1990 award, and before his 1991 motion to reopen. The deposition of Dr. H. reflected

his opinion that the claimant had suffered a change of condition for the worse. Dr. H. examined the claimant in 1991. He based his opinion on his conversation with the claimant during the exam concerning the severity of the claimant's pain, and on a comparison of the claimant's physical condition during the examination to his prior physical condition as shown by his medical history. According to Dr. H., the claimant was quite ill and needed surgery. The employer offered evidence from two doctors whose opinions were that the claimant had not suffered a change of condition for the worse.[1] The trial court found that the claimant had suffered a change of condition for the worse, and that the claimant was temporarily totally disabled. The trial court's decision was affirmed by a three-judge panel.

■ A decision of the three-judge review panel may not be disturbed on appeal if supported by any competent evidence. *Parks v. Norman Mun. Hosp.*, 684 P.2d 548, 551–52 (Okla.1984).[2] The evidence that supports the award was the testimony of the claimant, and the medical deposition testimony of Dr. H. The question is whether that evidence is competent to sustain the decision of the three-judge panel.

■ Competent evidence is that which tends to prove facts essential to the decision of the court. *Williams v. Vickers, Inc.*, 799 P.2d 621, 624 (Okla.1990). The duty of the appellate court in its review of the decision of the three-judge panel, is simply to canvass the facts, not with an object of weighing conflicting proof to determine where the preponderance lies, but only for the purpose of ascertaining whether those facts support the tribunal's decision. *Parks*, 684 P.2d at 552.

The employer asserts there is no competent evidence supporting the order of the three-judge panel that the claimant had suffered a change of condition for the worse.

But an examination of the employer's argument reveals that the employer is comparing the evidence offered by each of the two parties. In referring to the deposition evidence of Dr. H., presented by the claimant, the employer refers to the report as "highly suspect," and compares that evidence to the evidence from the employer's medical experts stating that the opinion of Dr. H. "should not be given much weight as compared to those physicians." The employer questions whether the claimant's pain and discomfort is any different from that at his prior trial, and contends that the claimant's activities between the two trials reveal an inconsistency in the claimant's testimony. This is not an argument concerning the competency of claimant's evidence; it is an argument concerning the weight to be given his evidence. We have already observed that we will not weigh evidence in reviewing the decision of the three-judge panel.

■ To examine competency of the evidence presented, we must first look to the law concerning change of condition. The three-judge panel found that the claimant was entitled to benefits because of a temporary condition resulting in total disability to work. As of his last adjudication, the claimant was not permanently and totally disabled. He still had some ability to work. But in adjudications regarding changes of condition, where the issue is temporary disability, the claimant need not prove that his ability to work has lessened.

The Court in *Bryant–Hayward Drilling Co. v. Cook*, 483 P.2d 1131, 1133 (Okla.1971), recognized the difference in the nature of the distinct types of claims involved in a permanent versus a temporary change of condition:

"A finding of change of condition for the worse in a proceeding for temporary disability may not be valid in a proceeding for permanent disability. The change of con-

1. In his brief, the claimant contends that the evidence from one of the employer's two doctors, referred to here, actually favors both the claimant and the employer. In a February 26, 1991, exam report, the doctor stated that the claimant was experiencing more pain. A later letter the same doctor wrote for the employer concluded that no change had occurred. We find it unnecessary to consider the weight to be given to the

evidence from this doctor because our search is confined to that for any competent evidence.

2. *See also, Owings v. Pool Well Service*, 843 P.2d 380, 383 (Okla.1992); *Williams v. Vickers, Inc.*, 799 P.2d 621, 624 (Okla.1990); *Bostick Tank Truck Serv. v. Nix*, 764 P.2d 1344, 1346 (Okla. 1988).

dition for the worse which is temporary may by medical treatment or passage of time, be corrected with resultant absence of any change of condition of a permanent nature."

In *Blue Bell, Inc. v. McKay*, 573 P.2d 709 (Okla.1978), the claimant was awarded additional compensation for temporary, total disability, and for medical treatment, because of a change of condition for the worse. The employer argued that claimant's evidence only showed increased physical suffering, not a change in ability to work. The employer urged that because the claimant had not worked since the prior award, the claimant was unable to establish that her ability to work had been reduced. But in reaching its decision that the claimant was entitled to additional benefits, the Court did not consider the claimant's ability to perform work. *Blue Bell*, 573 P.2d at 713. Rather, the Court quoted *Nuway Laundry Co. v. Hacker*, 396 P.2d 659, 663 (Okla.1964), which described what constitutes a change of condition that would sustain the decision of the Workers' Compensation Court in an allowance for temporary benefits:

> "Recurrence of temporary incapacity, either before or after a determination of permanent partial disability has been effected, constitutes a change of condition within the contemplation and purview of 85 O.S.1961 § 28, and affords a proper basis for an order allowing additional compensation. *Hondo Petroleum Co. v. Piearcy*, Okl., 376 P.2d 1012, 1013 [1962]. An additional allowance of temporary benefits may be predicated upon a finding that claimant is in need of medical attention due to a subsequent progression in his compensable

condition. *Phillips Petroleum Co. v. Anguish*, 201 Okl. 691, 209 P.2d 689, 690 [1949]." [3]

*Blue Bell*, 573 P.2d at 713.

■ Like the claimant in *Blue Bell*, the claimant in the case at bar need not prove that his ability to work has lessened, all that he must prove is that he has suffered a temporary incapacity as the result of his injury or a subsequent progression in his compensable condition that requires medical attention. The claimant testified on his own behalf that his physical condition had worsened since the time of the prior award as a result of his previous injury. He further testified that he had increased pain in his back, leg and ankle, and numbness in his leg, and that he was not able to sit for any length of time without pain. In 1990, the claimant testified that he could sit for about an hour without significant discomfort. A claimant can offer evidence in the form of his own testimony of a change of condition. *See City of Okmulgee v. Smith*, 556 P.2d 585, 587 (Okla.1976).

■ When the proof of injury requires expert opinion, medical evidence must also be presented in support of the claim. *Bryant–Hayward*, 483 P.2d at 1133. A back injury requires a medical opinion. *See Bryant–Hayward*, 483 P.2d at 1133. The deposition testimony from Dr. H. satisfied this requirement. In 1991, Dr. H. had examined the claimant regarding the same back injury that had been the basis for the 1990 award. Dr. H. determined that the claimant's physical condition had deteriorated by comparing the claimant's medical reports from 1990 to the results of his examination.[4]

---

**3.** *See Hodges v. Gillum*, 774 P.2d 1063 (Okla. 1989) (recognizing *Nuway Laundry*'s principles and considering whether evidence showed temporary change of condition necessitating heart transplant surgery); *Capitol Well Serv. Co. v. Levescy*, 371 P.2d 905 (Okla.1962) (finding competent evidence to support a temporary change of condition attributable to legitimate consequences of claimant's prior corrective operation for a back injury).

**4.** Rule 26 of the Workers' Compensation Court allows for testimony of physicians who have examined the medical reports of the claimant's condition at the time of the previous award.

Specifically, Rule 26 provides in part: "The parties, if at all practical, should rely upon the testimony of physicians who have examined the claimant and testified at the time of the previous award. The physician's medical report or testimony at the subsequent trial must show that said physician was either the attending or examining physician at the time of the previous award or that the physician has personal knowledge of claimant's condition at that time, or it must show that the physician has examined reports, X-rays and any other medical data referring to claimant's condition at the time of the previous award." 85 O.S.1991, ch. 4, app.

Dr. H. testified as to the increased pain complained of by the claimant, the claimant's inability to stand on one leg, and the claimant's extreme inability to put his heel to the floor. Additionally, the claimant was unable to perform a range of motion test when he had been able to do so in 1990. Dr. H. concluded that the claimant's change of condition necessitated surgery.

The employer argues in its brief that the evidence of the range of motion test, or lack thereof, is incompetent because AMA Guidelines do not allow range of motion testing if a spasm is present. The claimant argues that compliance with the AMA Guidelines is only required in a medical report when a doctor is rating the extent of a permanent disability, not when temporary disability is being examined. Specifically, Rule 20 of the Workers' Compensation Court makes the following requirement: "D. ... [A]ll written medical reports rating the extent of permanent impairment shall be prepared in substantial compliance with the appropriate edition of the AMA guides as set forth in Rule 21." 85 O.S.1991, ch. 4, app. The AMA Guidelines do not specifically refer to the evaluation of temporary disability in its requirement that the range of motion testing must be postponed when a muscle spasm is present.

This Court has recognized that the determination of the weight to be given to the testimony of a witness is to be made by the trier of fact. *Oklahoma City v. Bailey,* 405 P.2d 115, 119 (Okla.1965); *Alexander v. Gee,* 352 P.2d 915, 920 (Okla.1960). Dr. H.'s deposition testimony, that indicated a medical opinion of a change for the worse requiring surgery, was weighed by the trial court and accepted as probative evidence. We find support in Dr. H.'s testimony for his opinion and therefore, competent evidence did exist that the claimant suffered a temporary change of condition for the worse arising from the prior injury since the time of the court's previous order. Accordingly, the claimant's claim for temporary additional benefits has been supported by competent evidence.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; ORDER OF THE THREE–JUDGE PANEL SUSTAINED.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

SIMMS, J., concurs in result.