1998 OK CIV APP 149

**Dani S. Hinds EARLE, Petitioner,**

v.

**MULTI–MEDIA CABLEVISION and the Workers' Compensation Court, Respondents.**

**No. 90860.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 6, 1998.

Certiorari Denied Sept. 29, 1998.

Michael E. Grant, Oklahoma City, for Petitioner.

Mia C. Rops, Oklahoma City, for Respondents.

**OPINION**

CARL B. JONES, Vice Chief Judge:

¶1 The issue presented in this workers' compensation review proceeding is whether the finding that Claimant had not sustained a change of condition was supported by any competent evidence.

¶2 The underlying proceeding resulted in a finding that Claimant had sustained a cumulative trauma injury to the back for which an award of 22% permanent partial disability was entered. That order was entered in October, 1994. In April, 1995, Claimant filed a motion to reopen on change of condition. In June, 1996, Claimant had elective lumbar fusion surgery at the L4–5 and L5–S1 levels. At trial Claimant presented medical evidence that her PPD was now 34%, an increase or worsening of 12%. Employer presented medical evidence that Claimant had no change of condition attributable to her cumulative trauma back injury. Employer's medical expert did, however, believe that Claimant had sustained an additional 5% PPD, but attributed that to the elective back surgery in June, 1996. The trial court ordered an independent medical exam by Dr. F, an orthopedic surgeon. It was his opinion that Claimant had not suffered a change of condition for the worse. He also believed the surgery of June, 1996, to be unnecessary and possibly counterproductive. The trial court, in finding no change of condition for the worse, specifically accepted the opinions of Dr. F, the court appointed examiner.

¶3 Claimant contends the medical opinion of Dr. F which was relied upon by the trial court is fatally flawed. This is so be-

cause Dr. F did not attempt to determine Claimant's percentage of permanent disability, nor did he know the Claimant's percentage of disability as determined by the court in October, 1994. Claimant's theory is that Dr. F could not know if there was a change of condition if he did not know Claimant's prior adjudicated level of permanent disability. Claimant cites *Lacy v. Schlumberger Well Service*, 1992 OK 54, 839 P.2d 157, 163 (medical evidence which is based on an evaluation not performed in compliance with the A.M.A. Guides violates Rule 20 of the Workers' Compensation Court and 85 O.S. § 3(11) and is thus not competent evidence upon which the trial court may base its conclusion).

¶4 Among other things, Rule 20(B) "... encourages but does not require [a medical] report to include the following information; as applicable: ....

6. A finding which apportions the percentage of a claimant's preexisting permanent partial disability, if any.....

11. The nature and extent of any permanent impairment."

Rule 20 also provides in paragraph D that "... written medical reports rating the extent of permanent impairment shall be prepared in substantial compliance with ... the A.M.A. Guides as set forth in Rule 21." Rule 21(I) provides: "Evaluations of permanent impairment which are prepared *in support of* a Motion for Change of Condition shall be performed in compliance with ... the A.M.A. Guides ...". (emphasis added).

¶5 Employer contends Dr. F's report finding no change of condition for the worse is governed by Rule 26 and, that there is no applicable law requiring that Dr. F determine Claimant's impairment. Rule 26 requires of a testifying physician in a change of condition proceeding that he be the attending or examining physician at the time of the previous award, or that he have personal knowledge of Claimant's condition at that time, or that he "*has examined reports, x-rays and other medical data referring to claimant's condition at the time of the previous award.*" (emphasis added). Dr. F's reports and testimony clearly satisfy the underscored requirement of Rule 26.

¶6 Rules 20 and 21, quoted above, appear to only require compliance when the examiner is attempting to rate the extent of a claimant's permanent impairment. In this case, Dr. F familiarized himself with Claimant's previous condition as required by Rule 26. Then, based on his history and physical exam, determined that Claimant's condition as a result of the original injury had not worsened. The law does not require that Dr. F also attempt to determine Claimant's percentage of impairment if he has determined that Claimant's condition has not worsened. Consequently, since Dr. F found no change of condition for the worse, he was not obligated to follow the A.M.A. Guides which are only applicable to the evaluation or rating of permanent impairment. Dr. F's report and testimony complied with Rule 26 and substantially complied with those applicable guidelines of Rule 20. Rule 21 on the other hand was simply not applicable. Nothing more was required of that medical evidence.

¶7 As with other review proceedings from the Workers' Compensation Court, orders on change of condition claims are reviewed by the any competent evidence standard. *OG & E v. Black*, 1995 OK 38, 894 P.2d 1105, 1107; *Bama Pie Ltd. v. Raes*, 1995 OK 122, 905 P.2d 811, 813. The trial court's order, being supported by legally sufficient evidence, is sustained.

¶8 SUSTAINED.

JOPLIN, P.J., and GARRETT, J., concur.