OSCN Found Document:CITY OF TULSA v. HODGE

 

 
 

 
 CITY OF TULSA v. HODGE
2018 OK 65
Case Number: 113571
Decided: 09/11/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 65, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

City of Tulsa and Own Risk #10435, Petitioner
v.
Jennifer Jean Hodge and the Workers' Compensation Court of Existing Claims, Respondents.

ON WRIT OF CERTIORARI TO THE 
COURT OF CIVIL APPEALS, DIVISION I

Â¶0 Petitioner/Employer sought review of the three-judge panel of the Workers' Compensation Court of Existing Claims which upheld the trial court's determination that Jennifer Hodge, Respondent/employee suffered a change of condition for the worse to her left leg/knee when she was injured in a medical facility where she was receiving medical treatment to a previously adjudicated body part. Employer urged there was insufficient evidence to support the trial court's decision because: (1) any injury arose from an intervening negligent act, and (2) there was no medical evidence to support a worsening of condition to employee's left leg/knee. The three-judge panel disagreed with Employer and affirmed the trial court. Employer then filed a Petition for Review and the Court of Civil Appeals vacated the decision of the three-judge panel. Ms. Hodge filed a Petition for Certiorari which was granted. We hold there is competent evidence to support the decisions from the trial court and the three-judge panel. Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, 295 P.3d 1107.

COURT OF CIVIL APPEALS OPINION VACATED; 
ORDER OF THREE-JUDGE PANEL OF THE WORKERS'
COMPENSATION COURT OF EXISTING CLAIMS AFFIRMED

Robert L. Briggs, Bobby Briggs Law Firm, 1722 S. Carson Ave., Suite A, Tulsa, Oklahoma 74119 and
Chad R. Whitten, The Whitten Law Firm, 9422 S. Elwood, Suite 100, Jenks, Oklahoma 74037-2317, for Petitioner,

Brandy L. Shores-Inman, Latham, Wagner, Steele & Lehman, P.C., 10441 S. Regal Blvd, Suite 200, Tulsa, Oklahoma 74133
Jordan S. Ensley, Latham, Wagner, Steele & Lehman, P.C., 10441 S. Regal Blvd, Suite 200, Tulsa, Oklahoma, 74133, for Respondent.

OPINION

EDMONDSON, J.:

FACTS AND PROCEDURAL HISTORY

Â¶1 In 2010 the Workers' Compensation Court held that Ms. Hodge sustained an accidental injury on September 15, 2008 in the course of her employment. The trial court awarded her benefits for injuries to the left leg (knee), cervical spine, left shoulder, and whole body. The matter currently before this Court arises out of a subsequent claim filed by Ms. Hodge seeking additional benefits alleging she suffered a change of condition for the worse to the left leg (knee), cervical spine, left shoulder and whole body.

Â¶2 On February 20, 2012 Ms. Hodge was injured at a medical facility following a steroid epidural injection to the cervical spine. After the procedure, Ms. Hodge was still sedated and not fully awake when the staff placed her in a wheelchair to transport her to the recovery room. The wheelchair had no footrests. As Ms. Hodge was pushed down the hall, her feet drug on the tile floor, her knees went underneath the wheelchair causing it to suddenly stop and throwing her forward. Ms. Hodge testified: "that's what kind of woke me up and made me come to."[1] A physician reported that Ms. Hodge sustained a severe twisting of both her left and right knees as a result of this accident. [2] Ms. Hodge testified she was unable to stand immediately after the injury due to the swelling and pain in the left knee and experienced a type of pain that she did not have before the procedure.

Â¶3 Ms. Hodge sought additional medical treatment for the new injuries to her left leg. Her physician opined that "the major cause of this patient's consequential left knee worsening and right knee injury is directly as a result of the injury she sustained on February 21, 2012 while undergoing an epidural steroid injection in the course of her medical maintenance regarding her lumber spine injury of September 15, 2008." [3]

Â¶4 The issues before this Court arise from an order entered on June 17, 2014 by the trial court determining Ms. Hodge sustained a change in physical condition for the worse to the left leg (knee) as a consequence of a fall that occurred following an epidural steroid injection on her neck during the continuing medical maintenance. [4] The court found that she had swelling and more limited range of motion to the left knee. Employer was ordered to provide medical treatment to Ms. Hodge as may be reasonable and necessary after the injury to her left leg (knee). The trial court denied her request for a change of condition for the worse to the cervical spine, left shoulder and whole body.

Â¶5 Employer filed a Petition for Review arguing: (1) there was insufficient medical evidence to support a change of condition for the worse to the left knee, and (2) any injury to the left knee resulted from an intervening cause for which employer was not legally responsible. Ms. Hodge filed a cross-appeal asserting that the evidence supported a finding that she suffered a change of condition for the worse to the left shoulder, cervical spine and sleep disorder.

Â¶6 The three-judge panel of the Workers' Compensation Court of Existing Claims conducted a hearing and issued an order affirming the decision of the trial court. Employer then filed a Petition in Error. The Court of Civil Appeals vacated the order issued by the three-judge panel and with respect to the left leg injury found:

This is a new injury, possibly a tort, not a compensable change of condition for the worse. The City of Tulsa should have no responsibility for a wheelchair accident that occurred at a medical facility due to someone's inattention or carelessness. The fact that Claimant was at the medical facility to receive treatment for the adjudicated spinal injury does not alter the fact that a wheelchair accident was not a legitimate consequence of the work-related injury 3 1/2 years earlier. [5]

Â¶7 Ms. Hodge filed a Petition for Certiorari before this Court asserting that COCA decided a question of substance in a way not in accord with applicable decisions of this Court. We agree and vacate the Court of Civil Appeals opinion, and affirm the three judge panel's Order on Appeal Affirming the Decision of the Trial Court.

STANDARD OF REVIEW

Â¶8 The Court of Civil Appeals indicated the "any competent standard of review" was applied to this workers' compensation case. Williams v. Dunkelgod, 2012 OK 96, 295 P.3d 1107. We have explained that "competent evidence is that which tends to prove facts essential to the decision of the court." Oklahoma Gas & Elec. Co. v. Black, 1995 OK 38, Â¶ 6, 894 P.2d 1105, 1107, citing, Williams v. Vickers, Inc., 1990 OK 108 Â¶ 10, 799 P.2d 621, 624. When applying this standard, the duty of the appellate court in its review of the decision from the three-judge panel "is simply to canvass the facts, not with an object of weighing conflicting proof to determine where the preponderance lies, but only for the purpose of ascertaining whether those facts support the tribunal's decision." Id. That standard applies to this case.

ANALYSIS

Review of Evidence: Any Competent Evidence Standard

Â¶9 The Court of Civil Appeals found the any competent evidence standard of review applied to this matter. We have clearly stated that "competent evidence is that which tends to prove facts essential to the decision of the court." Black, 1995 OK 38, Â¶ 6, 894 P.2d 1105, 1107 . Likewise, we have been equally clear that when evaluating the decision from the three-judge panel, this standard guides the reviewing court to simply canvass the facts and ascertain whether the facts support the tribunal's decision. Id. When applying this standard, the reviewing court does not weigh conflicting proof to determine where the preponderance lies, but simply determines if the facts in the record support the conclusion reached by the trial court and three-judge panel. Id. 

Â¶10 Next we will review the evidence in the record and determine if the facts tend to prove the trial court's findings as follows:

-2-

THAT subsequent to that order, claimant sustained a change in physical condition for the worse to the LEFT LEG (KNEE) and claimant is now in need of further medical treatment, care and attention.

-3-

THAT the change of condition for the worse to the LEFT LEG (KNEE) occurred as a consequence of a fall following an epidural steroid injection on her NECK during the continuing medical maintenance. The claimant has swelling and more limited range of motion.

Â¶11 Ms. Hodge offered detailed testimony regarding the condition of her left knee prior to the February 2012 accident and the changes in the condition of her knee following the twisting injury. She testified about her feet dragging and being thrown forward causing immediate pain. In addition, the report from Dr. May, the treating physician, discusses specific findings that after the wheelchair accident Ms. Hodge suffered "consequential worsening of her left knee injury as evidenced by increased pain, swelling and weakness of the knee." [6] Dr. May opined "that the major cause of this patient's consequential left knee worsening and right knee injury is directly as a result of the injury she sustained on February 21, 2012 while undergoing an epidural steroid injection in the course of her medical maintenance regarding her lumbar spine injury of September 15, 2008." [7]

Â¶12 Employer conducted cross-examination of Ms. Hodge but did not proffer any witness at the hearing before the trial court. Employer's evidence consisted of the independent medical examination done by William R. Gillock, M.D., and other medical records. Dr. Gillock concluded in his report that there was no objective medical evidence of a physical change of condition for the worse. [8]

Â¶13 There is undisputed evidence that Ms. Hodge suffered some type of twisting to her left knee as a result of the wheelchair accident while receiving treatment for her prior work-related injury. Dr. May noted that following the wheelchair incident, "the claimant has swelling and more limited range of motion." [9] Dr. May's examination also revealed that Ms. Hodge had objective findings of swelling and weakness to the left knee. Further, Dr. May unequivocally opined that Ms. Hodge sustained a change in physical condition for the worse to the left leg (knee) and that such change "occurred as a consequence of a fall following an epidural steroid injection on her NECK during the continuing medical maintenance". The decision of the trial court and three-judge panel must be upheld if the record contains facts to support the conclusions reflected in the decision. We hold that the record before us contains abundant evidence to support the decision of the three-judge panel on review of the trial court's order.

Consequential Injury Caused by Intervening Carelessness of Medical Provider

Â¶14 Employer argued before the three-judge panel that the injury sustained by Ms. Hodge was not a consequential injury relating to her initial work-related injury, but rather was a separate intervening accident. The three-judge panel did not agree and affirmed the order from the trial court. Employer petitioned for a review of the panel's decision and the Court of Civil Appeals found that:

This is a new injury, possibly a tort, not a compensable change of condition for the worse.

Â¶15 This conclusion by COCA and the Employer's argument that Ms. Hodge's injuries were the result of an intervening accident and not compensable is not in accord with our longstanding decisions in this area. It is well settled with respect to workers' compensation claims, an employer is liable for all legitimate consequences following an accident including unskillfulness or error of judgment of a physician treating an injury. Booth & Flinn Ltd. v. Cook, 1920 OK 320, Â¶ 6, 193 P. 36, 38. An employee is entitled to recover for the full extent of the disability resulting from the work-related injury even where "the same has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician." Barnsdall Refining Co. v. Ramsdall, 1931 OK 258, Â¶ 5, 299 P. 499, 501. More recently, this Court held an employee suffered a consequential injury arising out of and in the course of employment when his neck was injured during treatment for his previously adjudicated work-related injuries to the back and right knee. Phillips v. Duke Manufacturing, Inc., 1999 OK 25, 980 P.2d 137. We explained at length:

The claimant in the present case has suffered a new injury during the treatment of his original injury. The neck injury is a consequence of treatment for the original knee and back injury just as the complications from hernia surgery are a result of treatment for a hernia. The neck injury has caused a new disability which prevents the claimant from working. . . . The neck injury was the result of an accident during treatment. It is claimant's new disability which entitles him to temporary total disability benefits and the first injury does not preclude compensation for the second.

Phillips, 1999 OK 25, Â¶ 12, 980 P.2d at 140.

Â¶16 The evidence in this record supports the conclusion that Ms. Hodge sustained a change in physical condition for the worse to her left knee and that such change occurred as a consequence of a fall during an epidural steroid injection on her neck during the continuing medical maintenance. Accordingly, we order the decision of the Court of Civil Appeals is vacated and the decision of the three-judge panel is affirmed.

CONCUR: GURICH, V.C.J., EDMONDSON, COLBERT, and REIF, JJ.

CONCUR BY REASON OF STARE DECISIS: KAUGER, J.

DISSENT: COMBS, C.J., WINCHESTER, WYRICK, and DARBY, JJ.

FOOTNOTES

[1] Transcript of Proceedings Before the Honorable Eric W. Quandt, June 5, 2014, Jennifer Jean Hodge, Claimant vs. City of Tulsa, Respondent, WCC No. 2008-13251J, Oklahoma Workers' Compensation Court of Existing Claims.

[2] Record, pps. 176-178, Corrected Report of Anne S. May, M.D., Crestwood Clinic, P.C., 9-10-12, Jennifer Jean Hodge, Claimant v. City of Tulsa, Respondent, WCC No. 2008-13251J, Oklahoma Workers' Compensation Court of Existing Claims.

[3] Id.

[4] Order for Change of Condition and Authorizing Medical Treatment, Jennifer Jean Hodge, Claimant v. City of Tulsa, Respondent, WCC No. 2008-13251J, Oklahoma Workers' Compensation Court of Existing Claims.

[5] Proceeding to Review an Order of a Three-Judge Panel of the Workers' Compensation Court of Existing Claims, Case No. 113,571, City of Tulsa, Petitioners, vs. Jennifer Jean Hodge and The Workers' Compensation Court of Existing Claims, Respondents.

[6] Record, pps. 176 - 178, Corrected Report of Anne S. May, M.D., September 10, 2012, Case No. 113,571, City of Tulsa and Own Risk #10435, Petitioners, vs. Jennifer Jean Hodge and the Workers' Compensation Court of Existing Claims, Respondents.

[7] Id.

[8] Record, pps. 211- 218, Report of William R. Gillock, M.D., March 4, 2013, Case No. 113,571, City of Tulsa and Own Risk #10435, Petitioners, vs. Jennifer Jean Hodge and the Workers' Compensation Court of Existing Claims, Respondents.

[9] Record, pps. 171- 172, Order for Change of Condition and Authorizing Medical Treatment, Jennifer Jean Hodge, Claimant v. City of Tulsa, Respondent, City of Tulsa (Own Risk#10435), Ins. Carrier; Court Number 2008-13251J, Workers' Compensation Court of Existing Claims, State of Oklahoma.